**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4834**

_____

UNITED STATES OF AMERICA,

　　　　　Plaintiff – Appellee,

　　v.

ISABEL GONZALEZ, a/k/a Chabello, a/k/a Isabel Garcia,

　　　　　Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.　Terrence W. Boyle, District Judge. (5:00-cr-00077-BO-1)

_____

Submitted: July 17, 2015　　　　　Decided: July 24, 2015

_____

Before MOTZ, KING, and WYNN, Circuit Judges.

_____

Affirmed in part, dismissed in part by unpublished per curiam opinion.

_____

Raymond C. Tarlton, TARLTON LAW PLLC, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Isabel Gonzalez appeals his conviction and 365-month sentence imposed pursuant to his guilty plea to conspiracy to import cocaine.* On appeal, he asserts that his guilty plea was not knowing or voluntary and that his sentence, imposed pursuant to the mandatory Guidelines system, violated United States v. Booker, 543 U.S. 220 (2005). The Government asserts that Gonzalez's sentencing challenge is barred by the waiver of appellate rights in his plea agreement. We affirm in part and dismiss in part.

Gonzalez first argues that his plea was involuntary because the magistrate judge failed to explain to him during his plea colloquy that he had a right to an appointed attorney at trial when it became obvious that he had been abandoned by his lead counsel. Gonzalez contends that his lead attorney declined to continue representation when Gonzalez could not pay him and that local counsel, who represented him at his guilty plea hearing, was only paid a nominal fee and, therefore, had no incentive to go to trial. The fee allegations were not raised until Gonzalez's collateral proceedings and were, therefore, not known to the magistrate judge at the time of the plea colloquy.

---

* Gonzalez's judgment was originally entered in 2001. However, pursuant to his 28 U.S.C. § 2255 (2012) motion, the district court re-entered judgment in 2014 to permit Gonzalez to file a timely appeal.

2

"In order for a guilty plea to be valid, the Constitution imposes 'the minimum requirement that [the] plea be the voluntary expression of [the defendant's] own choice.'" United States v. Moussaoui, 591 F.3d 263, 278 (4th Cir. 2010) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)). "It must reflect a voluntary and intelligent choice among the alternative choices of action open to the defendant." Id. (citation and internal quotations omitted). "In evaluating the constitutional validity of a guilty plea, courts look to the totality of the circumstances surrounding [it], granting the defendant's solemn declaration of guilt a presumption of truthfulness." Id. (citation and internal quotations omitted).

In federal cases, Rule 11 of the Federal Rules of Criminal Procedure "governs the duty of the trial judge before accepting a guilty plea." Boykin v. Alabama, 395 U.S. 238, 243 n.5 (1969). Rule 11 "requires a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant." United States v. Vonn, 535 U.S. 55, 62 (2002). This court "accord[s] deference to the trial court's decision as to how best to conduct the mandated colloquy." United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). A guilty plea may be knowingly and intelligently made based on information received before the plea hearing. See id.; see also Bradshaw v.

3

*Stumpf*, 545 U.S. 175, 183 (2005) (trial court may rely on counsel's assurance that the defendant was properly informed of the elements of the crime).

When, as here, a defendant does not seek to withdraw his guilty plea in the district court, we review any claims that the court erred at his guilty plea hearing for plain error. *United States v. Martinez*, 277 F.3d 517, 527 (4th Cir. 2002). It is Gonzalez's burden to show (1) error; (2) that was plain; (3) affecting his substantial rights; and (4) that this court should exercise its discretion to notice the error. See *id.* at 529. For prejudice, he "must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

Here, Gonzalez was informed that he was entitled to the assistance of counsel should he wish to go to trial, and he testified that he was satisfied with his attorney. He was given the opportunity to make statements or ask questions, and he declined to do so. In addition, the magistrate judge specifically discussed the details of the situation involving Gonzalez's retained and local counsels to which the judge was privy; Gonzalez was fully informed regarding the status of his counsel, and he testified that he was completely satisfied. Moreover, he reiterated his satisfaction in the written "Entry and Acceptance of Guilty Plea." Under such circumstances, the magistrate judge

4

did not err (much less plainly err) in accepting Gonzalez's guilty plea without further inquiry into his relationship with his attorney.

Next, Gonzalez contends that the magistrate judge erred by failing to determine whether Gonzalez read and signed his plea agreement prior to the Rule 11 hearing with the aid of a Spanish interpreter. Gonzalez avers that this error was compounded by the fact that the district court did not explain the concept of conspiracy in detail and that the case was very complex.

At the Rule 11 hearing with the aid of a Spanish interpreter, Gonzalez stated that he discussed the contents of the indictment with his attorney and that he fully understood the charges. His attorney stated that she had reviewed the charges with Gonzalez and was confident that he fully understood. Gonzalez declined to have the indictment read to him. Moreover, when the judge discussed the plea agreement, he provided the elements of the charged conspiracy to Gonzalez.

We conclude that the magistrate judge did not commit plain error in failing to further examine Gonzalez regarding his understanding of the charges against him. There was simply nothing in the Rule 11 hearing alerting the judge to any lack of understanding on Gonzalez's part requiring additional colloquy. Both Gonzalez and counsel stated that Gonzalez had been informed of the elements and understood them. Moreover, while Gonzalez now

argues that he would have gone to trial, he does not explain how his alleged lack of understanding of the charges against him caused him to plead guilty. Under these circumstances and further given the lack of any showing of any prejudice, we determine that the magistrate judge did not plainly err in failing to more fully explore Gonzalez's English language competency.

Finally, Gonzalez argues that the district court erred in treating the Guidelines as mandatory. The Government contends that Gonzalez waived the right to challenge his sentence. Gonzalez avers that the waiver was invalid given his short responses during the Rule 11 hearing and the lack of information as to the presence of an interpreter when the plea agreement was explained to him.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005); United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (determining whether a waiver is knowing and intelligent by examining the background, experience, and conduct of the defendant). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). The question of whether a defendant validly waived his right to appeal is a question of law that we review de novo. Blick, 408 F.3d at 168.

Here, the district court fully complied with the requirements of Rule 11 during the plea colloquy and ensured that Gonzalez understood he was waiving his right to appeal his sentence. Gonzalez stated, with the aid of an interpreter, that he understood on more than one occasion. Accordingly, we find that Gonzalez's waiver of appellate rights was knowing and intelligent. A plea agreement's appellate waiver accepted prior to Booker is not invalidated by the Booker decision. Id. at 170-73; see also Johnson, 410 F.3d at 150-52 (rejecting the argument that a defendant cannot waive the right to an appeal based on subsequent changes in the law). Thus, we conclude that Gonzalez's appellate waiver is valid and enforceable and that Gonzalez's sentencing argument is within the scope of that waiver. See Blick, 408 F.3d at 170 (holding that Booker claim is one that relates to the manner in which a sentence is imposed).

Based on the foregoing, we affirm Gonzalez's conviction and dismiss the appeal of his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

7